UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-21897-Civ-COOKE/TURNOFF

LOUIS ZAPATA,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD., *et al.*,

    Defendants.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before me on Defendant's, Hartley Under Sea Adventures, Ltd. ("Hartley"), Motion to Dismiss. ECF No. 31. I have reviewed the arguments, the complaint, and the relevant legal authorities. As explained in this order, Hartley's Motion to Dismiss is granted.

### I. BACKGROUND

On May 18, 2012, Plaintiff, Louis Zapata, as personal representative of the estate of Donna Zapata, deceased, sued Hartley Hartley, Bermuda Onsite, Ltd. ("Bermuda Onsite") (Hartley and Bermuda Onsite shall be referred to as the "Excursion Entities") and Royal Caribbean Cruises Ltd. ("RCCL") for negligence under the Death on the High Seas Act (Count I against RCCL), negligence under the Death on the High Seas Act (Count II against the Excursion Entities), negligence for torts not occurring on the high seas (Count III against RCCL), negligence for torts not occurring on the high seas (Count IV against the Excursion Entities), apparent agency or agency by estoppel (Count V against RCCL), joint venture between RCCL and the Excursion Entities (Count VI against all Defendants), and third party beneficiary (Count VI against all Defendants).

The facts are taken from the Amended Complaint. Plaintiff was a paying passenger

aboard the Explorer of the Seas, a vessel owned, operated, and managed by RCCL. Am. Comp. ¶¶ 9; 12. RCCL offered passengers aboard the Explorer of the Seas the opportunity to go on various excursions during the subject cruise, including Hartley's excursion. *Id.* at ¶14. Am. Comp. RCCL advertised the excursions on its website, its promotional material, and at an excursion desk aboard the Explorer of the Seas. *Id.* at ¶¶ 13-15. RCCL sold Plaintiff the tickets to the Hartley's excursion in Bermuda. *Id.* at ¶16. Ms. Zapata participated in the excursion where she sustained severe injuries resulting in her death.[1] *Id.* at ¶33. Plaintiff further alleges, among other things, that Defendants, personally or through an agent, operated, conducted, engaged in or carry on a business venture in the State of Florida or had an office or agency within the state of Florida, or engaged in substantial and not isolated activities within Florida. *Id.* at ¶6. Plaintiff contends that the Excursion Entities entered into a contract with RCCL, were the agents of RCCL, or were part of a partnership with RCCL. *Id.* at ¶¶ 19-23. Plaintiff also alleges that RCCL was the "owner or co-owner of the subject excursion."

Hartley moved to dismiss[2] Plaintiff's Amended Complaint on the following grounds: (i) lack of personal jurisdiction over Hartley pursuant to Federal Rule of Civil Procedure 12(b)(2); (ii) insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5); and (iii) failure to state a cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6). Hartley's Mot. to Dismiss 1-13. Plaintiff filed Response addressing each of these grounds. Resp. to Hartley's Mot. to Dismiss I, ECF No. 33; Resp. to Hartley's Mot. to Dismiss II, ECF No. 34;

---

[1] Plaintiff, in his Reponse to Hartley's Motion to Dismiss, stated that the Hartley's excursion consisted of bell diving. *See* Resp. to Hartley's Mot. to Dismiss 1. On the day of the accident, while Plaintiff and her husband were diving, their helmets partially filled up with water. *See id.* Plaintiff began to asphyxiate. *See id.* at 2. At Plaintiff's husband's insistence, Greg Hartley, the president and owner of Hartley, brought Plaintiff to the surface and instructed his son to give Plaintiff oxygen. *See id.* The oxygen tank, however, was empty. *See id.* After a few minutes, Plaintiff became unconscious and died. *See id.*

[2] After the filing of Hartley's Mot. to Dismiss, the parties agreed to engage in limited jurisdictional discovery. *See* ECF No. 50. None of the parties, however, have amended the briefing of the Motion to Dismiss. Accordingly, I will assume that the Plaintiff's request for jurisdictional discovery is still pending.

Resp. to Hartley's Mot. to Dismiss III, ECF No. 34.  Hartley filed a Reply.  Reply to Hartley's Mot. to Dismiss 1-11, ECF No. 37.

## II.  LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  Detailed factual allegations are not required, but a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do."  *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555).  A complaint's factual allegations must be enough to raise a right to relief above speculative level.  *Id.*

The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant.  *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268 (11th Cir. 2002).  Where the defendant submits affidavits to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction.  *See id.* at 69.  Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff.  *See id.*  When a plaintiff proffers no competent evidence to establish jurisdiction in opposition to the denials of the jurisdictional allegations contained in the defendant's affidavit, a district court may find that the defendant's unrebutted denials sufficient to negate the plaintiff's jurisdictional allegations.  *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280 (11th Cir. 2009).

### III. ANALYSIS

Hartley argues that Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over it.  Hartley's Mot. to Dismiss 5-10.  Hartley contends that Plaintiff failed to properly plead that Hartley is subject to personal jurisdiction under the Florida long-arm statute.  Hartley's Mot. to Dismiss 6-8; Florida Statutes § 48.194, Fla. Stat. (2013).  Further, Hartley argues that Plaintiff failed to allege minimum contacts sufficient to satisfy the constitutional due process requirements.  Hartley's Mot. to Dismiss 8-10. In support of its Motion, Hartley filed the affidavit of Greg Hartley, the President of Hartley, stating that Hartley: (a) is a Bermuda company located and registered in Bermuda; (b) does not operate, conduct, engage in or carry on a business or business venture in Florida; (c) does not have an office or agency in Florida and is not licensed in Florida; (d) does not have or use real or personal property in Florida; (e) does not own, use, possess, or hold a mortgage or lien on any real property in Florida; (f) does not insure any person, property, or risk located in Florida; (g) does not have a contract with RCCL; (h) does not have a physical presence in Florida; (h) does not engage in substantial activities within Florida; (i) does not have an agreement to indemnify RCCL for the claims made in the Complaint; (j) does not administer RCCL's website; (k) does not advertise in Florida; (l) never had an agent or employment relationship with RCCL and Bermuda Onsite; (m) never had a partnership or joint venture with RCCL or Bermuda Onsite; (n) never shared profits with RCCL or Bermuda Onsite and never agreed to do so; and (o) was never owned or co-owned by RCCL or Bermuda Onsite.  Hartley's Aff. 1-2.  In its Response, Plaintiff did not introduce any affidavit or other evidence in support of his jurisdictional allegations but instead argued that he cannot respond to, or test the veracity of, Mr. Hartley's Affidavit without the benefit of jurisdictional discovery.  Resp. to Hartley's Mot. to Dismiss I 5.

A federal court must undertake a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *Mazer*, 556 F.3d at 1274-75; *see also Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989).  The reach of the Florida long-arm statute is a question of Florida law.  *See Mazer*, 556 F.3d at 1275.  Federal courts are required to construe the statute as would the Florida Supreme Court.  *See id.*  Absent some indication that the Florida Supreme Court would hold otherwise, federal courts are bound to adhere to decisions of Florida's intermediate courts.  *See id.*  Florida's long-arm statute is to be strictly construed.  *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996).

A nonresident defendant may be subject to "specific" personal jurisdiction under subsection 48.193(1) if the person commits any of the acts enumerated in the subsection within Florida and the cause of action arose from the act.  *Farrell v. Royal Caribbean Cruises, Ltd.*, 11-24399-CV, 2013 WL 178367, at *3 (S.D. Fla. Jan. 4, 2013) (citing *NHB Advisors, Inc. v. Czyzyk*, 95 So. 3d 444, 448 (Fla. Dist. Ct. App. 2012)).  Alternatively, a nonresident defendant may be subject to "general" personal jurisdiction under subsection 48.193(2) if he engages in "substantial and not isolated activity" within the state.  *Id.* (citing *Russo v. Fink*, 87 So. 3d 815, 818 (Fla. Dist. Ct.App. 2012)).  Asserting general jurisdiction under subsection 48.193(2) requires a showing of "continuous and systematic general business contacts" with Florida.  *Id.* (citing *E & H Cruises, Ltd. v. Baker*, 88 So. 3d 291, 293 (Fla. Dist. Ct. App.2012)).  The general jurisdiction provision does not require connexity between a defendant's activities and the cause of action.  *Id.* (citing *Woods v. Nova Cos. Belize*, 739 So. 2d 617, 620 (Fla. Dist. Ct. App. 1999)).

Plaintiff did not clearly identify the sections of the Florida long-arm statutes he relies on. The Florida long-arm statute states, in pertinent part, as follows:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>> (d) Contracting to insure any person, property, or risk located within this state at the time of contracting.
>
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
> § 48.193, Fla. Stat.

Plaintiff alleged in his Complaint that Defendants, personally or through an agent, "operated, conducted, engaged in or carried on a business venture in [the State of Florida]" or had an office or agency within the state or engaged in substantial and not isolated activities within Florida. Am. Comp. at ¶6. Plaintiff further pled that the Excursion Entities entered into a contract with RCCL, were the agents of RCCL, or were part of a partnership with RCCL. *Id.* at ¶¶ 19-23. Plaintiff also alleged that RCCL was the "owner or co-owner of the subject excursion." Based on the allegations in the Complaint, it appears that Plaintiff may be relying on subsections (1)(a); (1)(d); and (2) of the Florida long-arm statute. *See* Am. Comp. §§ 6; 21-22. These allegations appear to be sufficient to establish a *prima facie* case for the exercise of personal jurisdiction over Hartley. However, Hartley, through its submission of Mr. Hartley's affidavit has denied each of these allegations. I find these factual declarations contained in the Hartley Affidavit as sufficient to shift the burden of producing evidence supporting jurisdiction to Plaintiff. Plaintiff, however, has proffered no evidence to establish jurisdiction in opposition to the denials presented by Hartley. Plaintiff stated that he "cannot respond to these jurisdictional allegations or test the veracity of Mr. Hartley's statements without the benefit of discovery." Resp. to Hartley Mot. to Dismiss I 5.

A plaintiff has a qualified right to jurisdictional discovery when a court's jurisdiction is genuinely in dispute. *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730 n. 7 (11th Cir.1982). A defendant has a legitimate and protectable interest in avoiding the time, effort, and expense of discovery when the court's jurisdiction to hear the merits may be lacking. *See id.* Jurisdictional discovery is favored where there is a genuine dispute concerning jurisdictional facts necessary to decide the question of personal jurisdiction. *Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1321 (S.D. Fla. 2009). It is not an unconditional right that permits a plaintiff to seek facts that would ultimately not support a showing a personal jurisdiction. *See id.* For this reason, such facts "must be sufficiently material to warrant jurisdictional discovery." *See id.*

At the outset, it should be noted that Plaintiff does not point to *any* evidence contradicting the representations contained in the Hartley Affidavit. Plaintiff merely relies on his formulaic allegations in the Complaint, most of which merely track the language of the Florida long-arm statute. Plaintiff's various theories to support jurisdiction, which include either substantial activity in Florida or a possible agency, joint venture, or contract between the Defendants rest on one single factual allegation: the excursion was advertised and sold by RCCL. Am. Comp. 3-7. However, even construing the allegations in the Amended Complaint in the light most favorable to Plaintiff and assuming that the benefit of jurisdictional discovery would allow Plaintiff to introduce evidence that RCCL advertised and sold tickets for the Hartley excursion on its website and aboard the Explorer of the Seas, processed the purchases in Florida, collected the money from its passengers, retained a profit as part of joint venture or agency relationship, paid Hartley, and contracted with Hartley to purchase insurance covering persons, property or risks in Florida, those contacts would still not be sufficient to bring Hartley within the reach of the long-arm statute. *See Island Sea-Faris, Ltd. v. Haughey*, 13 So. 3d 1076, 1076 (Fla. Dist. Ct. App. 2008).

In this case, Hartley has presented evidence that it has no contacts with Florida. I am not persuaded that additional discovery beyond the Affidavit submitted by Mr. Hartley will illuminate any facts tending to further prove or disprove that the lack of personal jurisdiction over Hartley. If Plaintiff relies on Fla. Stat. § 48.193(1), then Plaintiff must show that there is a nexus between the alleged tort and Hartley's activities in Florida. However, there is no nexus between the alleged negligence and the sale of the ticket for the excursion. *See Island Sea-Faris*, 13 So. 3d at 1076 (finding that there was no nexus between a claim in negligence against the operator of an excursion and the sale of a ticket in Florida). In light of Mr. Hartley's sworn statement that Hartley "does not have a contract" with RCCL, I do not see any benefits to Plaintiff's request for jurisdictional discovery.

If Plaintiff relies on Fla. Stat. § 48.193(2), then Plaintiff must show that Hartley engaged in *substantial* activity in Florida. However, Mr. Hartley's Affidavit shows that Hartley does not engage in *any* activity in Florida and Plaintiff cannot rely on the substantial activity of RCCL in Florida to assert personal jurisdiction over Hartley. *See* Hartley's Aff.; *Sea-Faris*, 13 So. 3d at 1076 (finding that the plaintiff could not rely on the activities of the cruise line to assert general jurisdiction over the operator of the excursion).

Finally, even if, with the benefit of jurisdictional discovery, Plaintiff managed to establish that Hartley fell within the ambit of the Florida long-arm statute, Plaintiff would have to prove that Hartley had minimum contacts with Florida. *Mazer*, 556 F.3d at 1274-75; *see also Venetian Salami*, 554 So. 2d at 502. Given the lack of contacts between Hartley and Florida, Hartley could not reasonably anticipate being haled into court here. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 286 (1980); *Island Sea-Faris*, 13 So. 3d at 1079 (finding that the excursion operator in Antigua, who worked with several major cruise lines to provide their shore excursions, could not reasonably anticipate being haled in Florida).

8

In sum, Plaintiff's request to engage in jurisdictional discovery, if it were granted, would ultimately not support a showing a personal jurisdiction. *Bernardele v. Bonorino*, 608 F. Supp. 2d at 1321. It is, therefore, denied.

Because I do not have jurisdiction over Hartley, I do not need to reach the issue of whether service over Hartley was proper or whether Plaintiff failed to state a cause of action.

### IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that the Defendant's Motion to Dismiss and Memorandum of Law, ECF No. 31, is **GRANTED**. I lack jurisdiction over Hartley. Defendant Hartley shall be **DISMISSED** from this case. The Clerk is directed to **TERMINATE** Hartley from this case. Plaintiff's request for jurisdictional discovery is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida, this 15th day of March 2013.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William c. Turnoff, U.S. Magistrate Judge*
*Counsel of record*