**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-21897-Civ-COOKE/TURNOFF**

LOUIS ZAPATA,

      Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD., *et al.*,

      Defendants.

_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before me on Defendant's, Royal Caribbean Cruises Ltd. ("RCCL"), Motion to Dismiss. ECF No. 21. I have reviewed the arguments, the complaint, and the relevant legal authorities. As explained in this order, RCCL's Motion to Dismiss is granted in part and denied in part.

### I. BACKGROUND

On May 18, 2012, Plaintiff, Louis Zapata, as personal representative of the estate of Donna Zapata, deceased, sued RCCL, as well as Hartley Under Sea Adventures, Ltd. ("Hartley"), and Bermuda Onsite, Ltd. ("Bermuda Onsite") (Hartley and Bermuda Onsite shall be referred to as the "Excursion Entities") for negligence under the Death on the High Seas Act ("DOHSA") (Count I against RCCL), negligence under DOHSA (Count II against the Excursion Entities), negligence for torts not occurring on the high seas (Count III against RCCL), negligence for torts not occurring on the high seas (Count IV against the Excursion Entities), apparent agency or agency by estoppel (Count V against RCCL), joint venture between RCCL and the Excursion Entities (Count VI against all Defendants), and third party beneficiary (Count VII against all Defendants).

The facts are taken from the Amended Complaint.  Plaintiff was a paying passenger aboard the Explorer of the Seas, a vessel owned, operated, and managed by RCCL.  Am. Comp. ¶¶ 9; 12.  RCCL offered passengers aboard the Explorer of the Seas the opportunity to go on various excursions during the subject cruise, including Hartley's diving excursion.  *Id.* at ¶14. RCCL advertised the excursions on its website, its promotional material, and at an excursion desk aboard the Explorer of the Seas.  *Id.* at ¶¶ 13-15.  RCCL sold Plaintiff the tickets to Hartley's excursion in Bermuda.  *Id.* at ¶16.  Ms. Zapata participated in the excursion where she sustained severe injuries resulting in her death.[1]  *Id.* at ¶33.

Further, Plaintiff alleges that RCCL sponsored, recommended, operated, marketed Hartley's excursion as part of the voyage on the cruise.  *Id.* at ¶18.  Plaintiff also asserts various theories, including that: (i) the Excursions Entities were the agents or apparent agents, or employees of RCCL, *id.* at ¶¶19-20, (ii) RCCL was the owner or co-owner of the Hartley's excursion, *id.* at ¶21, (iii) a partnership or joint venture existed between the Excursions Entities and RCCL, *id.* at ¶22.

RCCL moved to dismiss Plaintiff's Amended Complaint.  RCCL's Mot. to Dismiss 3-15. Plaintiff filed Response,[2] and RCCL filed a Reply.  Resp. to RCCL's Mot. to Dismiss, ECF No. 24; Reply to RCCL's Mot. to Dismiss 1-11, ECF No. 32.

## II. Legal Standards

"A pleading that states a claim for relief must contain . . . a short and plain statement of

---

[1] Plaintiff, in his Response to Hartley's Motion to Dismiss, stated that Hartley's excursion consisted of bell diving. *See* Resp. to RCCL's Mot. to Dismiss 1.  On the day of the accident, while Plaintiff and her husband were diving, their helmets partially filled up with water.  *See id.* at 2.  Plaintiff began to asphyxiate.  *See id.*  At the insistence of Plaintiff's husband's, Greg Hartley, the president and owner of Hartley, brought Plaintiff to the surface and instructed his son to give Plaintiff oxygen.  *See id.* at 3.  The oxygen tank, however, was empty.  *See id.*  After a few minutes, Plaintiff became unconscious and died.  *See id.*

[2] Plaintiff's Response was 27 page long, with 1.5 spacing between lines in violation of my June 1, 2012 Order requiring that all filings be double-spaced, and not to exceed a combined length of twenty pages.  *See* ECF No. 5. Going forward, I will not accept any filing that does not comply with my June 1, 2012 Order.  Failure to comply with the requirements of my June 1, 2012 Order may result in sanctions.

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Detailed factual allegations are not required, but a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.*

### III. ANALYSIS

RCCL argues that all counts asserted against RCCL should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action. RCCL's Mot. to Dismiss 3-21. I will address each count in turn.

#### A. Count I: Negligence Under the Death on the High Seas Act.

RCCL contends that Count I should be dismissed because Plaintiff failed to allege enough facts to support his claim, improperly sought to impose heightened duties on RCCL, and failed to plead a prima facie case for negligent retention and selection.[3] RCCL's Mot. to Dismiss 3-9.

##### 1. Insufficiency of the Factual Allegations

According to RCCL, dismissal of Count I is warranted because Plaintiff failed to sufficiently allege facts to support its allegations of negligence, including facts identifying the existence of a risk-creating condition, facts showing that RCCL knew or should have known

---

[3] I will not address Plaintiff's attempt to rebut arguments that RCCL never raised, *i.e.* including whether the duty of care differs when the incident occurs on or off board, or the argument that Plaintiff is not required to plead evidence. Resp. to RCCL's Mot. to Dismiss 6-7; 10.

about the condition, and facts supporting proximate cause.  RCCL's Mot. to Dismiss 3-7.  I

agree.  The Amended Complaint does not offer a short and plain statement setting forth the

events that led to Ms. Zapata's death or showing that Plaintiff is entitled to relief.  *See* Fed. R.

Civ. Pro 8(a)(2).  The Amended Complaint is so lacking in factual allegations that it resembles a

form complaint that could be used by any passenger who was injured during any excursion,

while on a cruise.  The Amended Complaint does not state, even in a non-specific manner, what

happened to Ms. Zapata, nor what dangerous condition caused the accident.  The Amended

Complaint is also devoid of factual allegations to support the negligence sub-claims.  *Lapidus v.

NCL Am. LLC*, 12-21183-CIV, 2012 WL 2193055, at *2 (S.D. Fla. June 14, 2012).  Plaintiff

cited two cases in support of his argument that the Amended Complaint gave RCCL sufficient

notice of the claim.  Resp. to RCCL's Mot. to Dismiss 8-9.  I find that the cases cited by Plaintiff

are inapposite.  In *Bridgewater*, the complaint stated that the plaintiff was "struck by lightning

while holding a metal cable overhead aboard the excursion boat."  *Bridgewater v. Carnival*

Corporation, 12-22241-JLK (S.D. Fla. 2011), ECF No. 55.  In *Propenko*, the plaintiff alleged

that she slipped and fell on the deck of the ship near a swimming pool."  *Propenko v. Royal

Carribean Cruise Ltd*, 10-20068, 2010 U.S. Dist. Lexis 37618, at *1 (S.D. Fla. Apr. 15, 2010).

In contrast, in this case, Plaintiff did not state any fact beyond the occurrence of an "accident"

that caused the death of Ms. Zapata.  Accordingly, the Amended Complaint does not give RCCL

sufficient notice of the claim against it.  I acknowledge that Plaintiff pled that RCCL knew of the

dangerous conditions.  *See* Am. Comp. ¶ 32.  In the absence of factual allegations regarding the

nature of these dangerous conditions, however, the allegation is an empty statement.  Further,

Plaintiff does not allege that RCCL knew or had reason to know of any incidents associated with

the latent dangers of Hartley's excursion or the type of activity offered during this excursion.

*Joseph v. Carnival Corp.*, 11-20221-CIV, 2011 WL 3022555, at *3 (S.D. Fla. July 22, 2011)

(finding that allegations regarding the hazards of parasailing and allegations of the cruiseline's knowledge of these hazards were insufficient to defeat a motion to dismiss, where the plaintiff had failed to allege that the decedent's accident was caused by any particular one of these hazards).  Because Plaintiff failed to sufficiently plead facts in support of his claim, Count I is dismissed without prejudice.

### 2.  *The Legal Duties Owed by RCCL to Plaintiff*

RCCL seeks to dismiss certain duties of care alleged in the Amended Complaint, including an alleged duty to provide adequate medical care, first responders, and first aid equipment.  RCCL's Mot. to Dismiss 7-8; *see also, e.g.*, Am. Comp. ¶¶29m-29r, 29y, 29ii, and 29jj.  Plaintiff failed to address this argument.  Resp. to RCCL's Mot. to Dismiss 1-27.  A cruise line has no duty to provide doctors or other medical personnel as a ship is not a "floating hospital."  *Lapidus*, 2012 WL 2193055 at *4.  Thus, a cruise line "cannot be held liable for allegedly failing to fulfill a duty to provide medical care that it does not owe to passengers, regardless of whether the passengers are on the ship or on land participating in an excursion." *See id.*  Accordingly, Plaintiff's allegations relating to the provision of medical care, first responders, and first aid equipment, including the allegations contained in paragraphs 29m-29r, 29y, 29ii, and 29jj of the Amended Complaint are dismissed with prejudice.  *Lapidus*, 2012 WL 2193055, at *2 (dismissing with prejudice allegations related to a duty to provide adequate medical care, first responders, and first aid equipment).

RCCL also contends that Plaintiff's allegation that RCCL violated the International Safety Management Code ("IMSC") should be dismissed because the IMSC does not create any duties that a cruise line owes to its passengers.  *See* Am. Comp. ¶31.  The IMSC cannot form the basis for a separate negligence claim nor be a part of a negligence claim.  *Lapidus*, 2012 WL 2193055, at *2 (dismissing with prejudice claims that a cruise line had violated the IMSC,

whether it was pled as an independent negligence count or as a separate duty within the negligence count); *see also Rinker v. Carnival Corp.*, 753 F. Supp. 2d 1237, 1243 (S.D. Fla. 2010) (the IMSC cannot be the basis of a negligence claim against a cruise line).  Plaintiff argues that failure to comply with the IMSC also could constitute negligence per se.  Resp. to RCCL's Mot. to Dismiss n. 4.  Plaintiff, however, did not plead the element of negligence per se, despite its allegations to the contrary.  *See id.*  For example, Plaintiff did not allege that Ms. Zapata was within the class of persons protected by the IMSC, nor what portion of the ISMC relates to Ms. Zapata injuries.

Because Plaintiff's claim that RCCL violated the ISMC cannot be the basis for a negligence claim, it is dismissed with prejudice.

### 3. Negligent Selection or Retention of an Independent Contractor

Finally, RCCL argues that Count I should be dismissed because Plaintiff failed to plead a prima facie case for negligent selection or retention of an independent contractor.  RCCL's Mot. to Dismiss 9.  Plaintiff failed to respond to this argument.  Resp. to RCCL's Mot. to Dismiss 1-27.  It is unclear whether Plaintiff alleges a claim for negligent selection or retention of an independent contractor in his Amended Complaint.  In his negligence claim, Plaintiff states that Plaintiff was injured due to RCCL's negligence, including its "failure to provide a safe excursion" and "failure to provide an excursion with properly trained operators and personnel." Am. Comp. ¶29a-b.

To plead a claim for negligent selection or retention of an independent contractor, Plaintiff must allege that: (i) Hartley's was incompetent or unfit to perform the work; (ii) RCCL knew or reasonably should have known of the particular incompetence or unfitness; and (iii) that such incompetence or unfitness proximately caused Ms. Zapata's injuries.  *See Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp 2d 1308, 1318 (S.D. Fla. 2011).  The Amended

Complaint, however, does not provide any facts to support the allegation that RCCL knew or should have known that the Hartley excursion was unsafe.  *See Gayou v. Celebrity Cruises, Inc.*, 11-23359-CIV, 2012 WL 2049431, at *4 (S.D. Fla. June 5, 2012) (finding that the absence of facts supporting a claim for negligent hiring or retention of an independent contractor warranted a dismissal without prejudice).  Accordingly, to the extent that Plaintiff has asserted a negligent hiring or retention claim, that claim is dismissed without prejudice.

### B.  Count III: Negligence for Torts Not Occurring on the High Seas.

RCCL moves for the dismissal of Count III, arguing that DOHSA provides the exclusive remedy in this case.  RCCL's Mot. to Dismiss 9-11.  Plaintiff does not dispute that DOHSA applies to claims against RCCL, as the owner or operator of the Explorer of the Seas, for its negligent acts that occurred at sea, but argues that DOHSA does not apply to his claims against RCCL, as owner/operator of the excursion, for its negligent acts that occurred on land.  Resp. to RCCL's Mot. to Dismiss 16-19.

The Eleventh Circuit has interpreted DOHSA as applying to maritime incidents occurring within the territorial waters of foreign states.  *Ridley v. NCL (Bahamas) Ltd.*, 824 F. Supp. 2d 1355, 1359 (S.D. Fla. 2010) (collecting cases).  In this case, Ms. Zapata's injury occurred while diving during Hartley's excursion, therefore in the territorial waters of Bermuda.  *See* Am. Comp. 1-34.  A cause of action under DOHSA accrues at the time and place where an allegedly wrongful act or omission was consummated in an actual injury, not at the point where previous or subsequent negligence allegedly occurred.  *Balachander v. NCL (Bahamas) Ltd.*, 800 F. Supp. 2d 1196, 1201 (S.D. Fla. 2011); *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F. Supp. 2d 1351, 1354 (S.D. Fla. 2009).  DOHSA cases have never distinguished between negligent acts or omissions occurring on land and those occurring at sea.  *Balachander*, 800 F. Supp. 2d at 1201.  Accordingly, the question of whether RCCL's alleged wrongful acts or omissions occurred on

land or on high seas is irrelevant, and DOHSA provides the only remedy to Plaintiff.  *See id.* (finding that DOHSA provided the exclusive remedy against the cruise line, whether the cruise line's negligence arose from activities on the high seas, in its capacity of operator of the vessel or on land, in its capacity of the owner of the resort).  For these reasons, Count III is dismissed with prejudice.

Further, since DOHSA only allows for recovery of pecuniary damages, Plaintiff is barred from recovering non-pecuniary damages in this case.  *See* 46 U.S.C. §§ 30302, 30303; *see also McLean v. Carnival Corp.,* 12-24295-CIV, 2013 WL 1024257, at *6 (S.D. Fla. Mar. 14, 2013). Accordingly, the portions of Plaintiff's Amended Complaint seeking non-pecuniary damage against RCCL are stricken.

### C.  Count V: Apparent Agency or Agency by Estoppel.

RCCL states in its Motion that Count V should be dismissed because apparent agency or agency by estoppel is a theory of liability that is dependent on Plaintiff's negligence claim, and Plaintiff failed to state a cause of action for negligence.  RCCL's Mot. to Dismiss 2.

I already have determined that the insufficiency of Plaintiff's factual allegations warranted the dismissal without prejudice of Plaintiff's negligence claim.  Accordingly, Plaintiff's apparent agency claim must be dismissed without prejudice as well.  Provided, however, that Plaintiff cure the deficiencies of the factual allegations supporting its negligence claim, his apparent agency claim will stand.

To state a claim of apparent agency, Plaintiff must allege that: 1) the alleged principal made some sort of manifestation causing a third party to believe that the alleged agent had authority to act for the benefit of the principal, 2) that such belief was reasonable and 3) that the claimant reasonably acted on such belief to his detriment.  *Doonan v. Carnival Corp.*, 404 F. Supp. 2d 1367, 1371 (S.D. Fla. 2005).  The Amended Complaint contains several allegations that

support Plaintiff's apparent agency claim, including the fact that RCCL made all arrangements for the excursion without disclosing that the excursion was run by another entity, marketed the excursion with RCCL logo, sold the excursion at a desk onboard the vessel, and recommended to the passengers not to engage in excursions not sold through RCCL.  *See* Am. Comp. ¶19a-g. Assuming that Plaintiff successfully repleads its negligence claim, I find that Plaintiff's factual allegations will be sufficient to defeat the dismissal of his apparent agency claim.  *Gayou v. Celebrity Cruises, Inc.*, 11-23359-CIV, 2012 WL 2049431 (S.D. Fla. Jun. 5, 2012) (finding that, allegations regarding the manner in which the excursions were marketed, sold, charged and paid for through the cruise line were sufficient to withstand a motion to dismiss plaintiff's apparent agency claim).  Accordingly, Count V is dismissed without prejudice.

### D.  Count VI: Joint Venture Between RCCL and the Excursion Entities.

RCCL contends that Count VI should be dismissed because the Tour Operator Agreement that Plaintiff references in its Amended Complaint, and which is central to Plaintiff's joint venture claim, contradicts the allegations that the Excursion Entities and RCCL were engaged in a joint venture at the time of the accident.  RCCL's Mot. to Dismiss 11-13.  Plaintiff, in response, states that the agreement is outside the four corners of the Amended Complaint, and that the existence of a joint venture is a question of fact that should be resolved by the jury. Resp. to RCCL's Mot. to Dismiss 21-26.

Plaintiff, however, has placed the agreement at the center of its joint venture claim.  *See* Am. Comp. ¶62 ("RCCL and the Excursion Entities entered into an agreement where RCCL would sell the subject shore excursion").  As a result, I may consider the agreement in resolving this portion of RCCL's Motion to Dismiss.  *See Brooks v. Blue Cross & Blue Shield of* Fla*., Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider

the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment"); *see also Gayou*, 2012 WL 2049431, at *9 (considering the contract between the cruise line and the excursion entity to resolve a motion to dismiss a joint venture claim against a cruise line).  The Tour Operator Agreement states that the "Operator's relationship with Cruise Line  . . . shall be that of an Independent Contractor" and "[n]othing related in this Agreement shall be construed as constituting Operator and Cruise Line as partners or as treating the relationships of employer and employee, franchisor or franchisee, master and servant, or principal or agent or joint venture between the parties thereto."  *See* Tour Operator Agreement ¶10, ECF No. 21-2.  Further the Tour Operator Agreement states that "the control and responsibility of the Shore Excursion remains exclusively with the Operator".  *See id.* at ¶1. The unambiguous language of the Tour Operator Agreement directly contradicts Plaintiff's allegations and warrants the dismissal of Plaintiff's joint venture claim against RCCL.  *See Gayou*, 2012 WL 2049431, at *9 (dismissing an agency claim and a third-party beneficiary claim based on the unambiguous provisions of the contract between the cruise line and the excursion entity).  Accordingly, Count VI is dismissed with prejudice.

### E.  Count VII: Third Party Beneficiary.

In support of his Motion to Dismiss Count VII, RCCL essentially relies on the same arguments that it did for the dismissal of the joint venture claim.  RCCL's Mot. to Dismiss 13-14.  Specifically, RCCL points to paragraph 12.10 of the Tour Operator Agreement, entitled "Third-Party Beneficiary," which states "[o]ther than expressly set forth herein, this Agreement shall not be deemed to provide third parties with any remedies, claims, right or action or other right."  *See* Tour Operator Agreement ¶12.10.

Two requisite allegations to successfully plead a cause of action for breach of third-party

beneficiary contract are that the defendant breached the contract, and that there was an express or implied intent to primarily and directly benefit the plaintiff. *Gayou*, 2012 WL 2049431, at *11. Plaintiff alleges in the Amended Complaint that "the contract between the parties clearly manifested the intent of the contracting parties that the contract primarily and directly benefit the Plaintiff third-party." *See* Am. Comp. ¶74. Accordingly, Plaintiff has placed the Tour Operator Agreement at the center of its third-party beneficiary claim. *See id.* at ¶¶72-73. The Agreement, however, expressly disclaims any intent to benefit Plaintiff. *See Gayou.*, 2012 WL 2049431, at *11 (dismissing a third-party beneficiary claim where the agreement had a third-party beneficiary clause identical to that of the present case). Therefore, Plaintiff's third-beneficiary claim is dismissed with prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that the RCCL's Motion to Dismiss, ECF No. 21, is **GRANTED in part and DENIED in part** as follows:

1. Count I is **DISMISSED without prejudice**.

2. Plaintiff's allegations related to RCCL's duty to provide adequate medical care, first responders, and first aid equipment are **DISMISSED with prejudice**.

3. Plaintiff's allegations related to the ISM Code are **DISMISSED with prejudice**.

4. Plaintiff's allegations related to a negligent hiring or retention claim are **DISMISSED without prejudice**.

5. Count III is **DISMISSED with prejudice**.

6. Count V is **DISMISSED without prejudice**.

7. Count VI is **DISMISSED with prejudice**.

8. Count VII is **DISMISSED with prejudice**.

9.  The portions of Plaintiff's Amended Complaint seeking non-pecuniary damage are

**DISMISSED with prejudice**.

10. Plaintiff shall file an Amended Complaint within ten days of the date of this Order.

**DONE and ORDERED** in chambers at Miami, Florida, this 27TH day of March 2013.

_Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William c. Turnoff, U.S. Magistrate Judge*
*Counsel of record*